**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARRIE TEAGER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DELBERT SERVICES CORPORATION | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Carrie Teager brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Delbert Services Corporation.

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C.§1692 et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.      The TCPA restricts the use of automated equipment to dial cellular telephones.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C.

1

§1331, 28 U.S.C. §'1337 and 28 U.S.C. §1367.

6.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendant Delbert Service Corporation's collection communications were received by plaintiff within this District; and

        b.      Defendant does business within this District.

## PARTIES

7.      Plaintiff Carrie Teager is an individual who resides in the Northern District of Illinois.

8.      Defendant Delbert Services Corporation is a Nevada corporation which does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9.      Defendant Delbert Services Corporation acts as a collection agency and also "purchases and manages portfolios of charged-off consumer debt."

10.     Defendant Delbert Services Corporation regularly uses the mails and telephone to collect consumer debts originally owed to others.

11.     Delbert Services Corporation is a debt collector under the FDCPA.

## FACTS

12.     Defendant Delbert Services Corporation has been attempting to collect a debt allegedly incurred by plaintiff Carrie Teager for personal, family or household purposes and not for business purposes.

13.     Plaintiff Carrie Teager received the following telephone messages, among others, from defendant Delbert Services Corporation:

2

a.       Nov. 15, 2010, on plaintiff's landline phone:

Hello, this message is for Carrie Teager. My name is Eric. It is important that I speak with you today. My number ma'am is 8800 ( pause) I'm sorry. My number is 888 400-7750, my extension is 5059. Once again, my number is 888 400-7750, my extension is 5059.

b.       Nov. 24, 2010, on plaintiff's cell phone:

Hello, this message is for Carrie Teager. My name is Eric. It is important that I speak with you today. My number is 888 400-7750, my direct extension is 5059.

c.       Nov. 26, 2010, on plaintiff's cell phone:

(Music) Sometimes its not easy reaching out to those you need to. Today [it] is very important to call Delbert Services Corporation at 1 888 400-7750. Delbert Service Corp has some options available to help you. However, we can not help you unless we speak with you. Call Delbert Service Corp at 1 888 400-7750 today. Thank you.

d.       Nov. 27, 2010, on plaintiff's cell phone:

(Music) If this message weren't important, we wouldn't bother you with it. Please call Delbert Service Corp at 1 888 400-7750. We know your time is valuable, but it's important to call Delbert Service Corp at 1 888 400-7750. Thank you.

e.       Nov. 29, 2010, on plaintiff's cell phone:

Sometimes it's not easy to reach out to those you need to. Today is very important to call Delbert Services Corp at 1 888 400-7750. We are here to help with immediate resolution to a very important matter. Call Delbert Services Corp today at 1 888 400-7750. Thank you.

f.       Dec. 2, 2010, on plaintiff's cell phone:

Hello. This is a friendly reminder from Delbert Services Corp. We are still waiting to hear from you. Our toll free number is 1 888 400-7750. Our office is open from 6am - 5pm PST. Thank you.

g.       Dec. 3, 2010, on plaintiff's cell phone:

This is a time sensitive message from Delbert Service Corp. Please contact us today at 1 888 400-7750. We have important information we would like to discuss with you. Thank you for your time and we look forward to our

conversation.

  h.  Dec. 4, 2010, on plaintiff's cell phone:

Hi. This is an important time sensitive message from Delbert Service Corp and we are trying to get in touch with you. We need a return call today. You can reach us at 1 888 400-7750. Once again, this is Delbert Service Corp and our number is 1 888 400-7750. Thank you and we look forward to our conversation.

  i.  Dec. 6, 2010, on plaintiff's cell phone:

This message is for Carrie Teager. My name is Eric. It is important that I speak with you concerning this matter today. Please return my call to 888 400-7750, my extension is 5059.

  j.  Dec. 7, 2010, on plaintiff's cell phone:

If this message weren't important , we wouldn't bother you with it. Please call Delbert Service Corp at 1 888 400-7750. We know your time is valuable but it's important to call Delbert Service Corp at 1 888 400-7750. Thank you.

  k.  Dec. 8, 2010, on plaintiff's cell phone:

Sometimes it's not easy to reach out to those you need to. Today is very important to call Delbert Services Corp at 1 888 400-7750. We are here to help with immediate resolution to a very important matter. Call Delbert Services Corp today at 1 888 400-7750. Thank you.

  l.  Dec. 10, 2010, on plaintiff's cell phone:

Hi. This message is from Delbert Service Corp and we're trying to get in touch with you. Please return out call today at 1 888 400-7750. This is an important matter, so please take a moment and give us a call today for it is time sensitive. Once again, the number is 1 888 400-7750. Thank you and we look forward to our conversation.

  m.  Dec. 11, 2010, on plaintiff's cell phone:

This is a time sensitive message from Delbert Service Corp. Please contact us today at 1 888 400-7750. We have important information we would like to discuss with you. Thank you for your time and we look forward to our conversation.

  n.  Dec. 13, 2010, on plaintiff's landline phone:

4

I'm calling for Carrie Teager, my name is Eric. It is important that I speak with you today concerning this matter. You can reach me at 888 400-7750, my extension 5059.

      o.      Dec. 14, 2010, on plaintiff's cell phone:

Hi. This is an important time sensitive message from Delbert Service Corp and we are trying to get in touch with you. We need a return call today. You can reach us at 1 888 400-7750. Once again, this is Delbert Service Corp and our number is 1 888 400-7750. Thank you and we look forward to our conversation.

      p.      Dec. 15, 2010, on plaintiff's cell phone:

If this message weren't important , we wouldn't bother you with it. Please call Delbert Service Corp at 1 888 400-7750. We know your time is valuable but it's important to call Delbert Service Corp at 1 888 400-7750. Thank you.

      q.      Dec. 16, 2010, on plaintiff's cell phone:

If this message weren't important , we wouldn't bother you with it. Please call Delbert Service Corp at 1 888 400-7750. We know your time is valuable but it's important to call Delbert Service Corp at 1 888 400-7750. Thank you.

      r.      Dec. 18, 2010, on plaintiff's cell phone:

Delbert Service Corp needs to discuss an important matter with you. Please return our call today at 1 888 400-7750. Thank you.

      s.      Additional similar messages were received on plaintiff's cell phone over the following weeks.

14.      The number 888-400-7750 is issued to defendant Delbert.

15.      On information and belief, the calls described in paragraphs 13c-h, 13j-m, and 13o-s were automated messages placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

16.      Plaintiff did not authorize the automated placement of calls to her cell phone.

17.     Defendant violated the TCPA even if its actions were only negligent.

18.     Defendant should be enjoined from committing similar violations in the future.

19.     Defendant Delbert engaged in a pattern and practice of leaving voicemail and answering machine messages that did not both (a) disclose the name of the company calling and (b) state that the call was for debt collection purposes.

## COUNT I - FDCPA CLAIM

20.     Plaintiff Carrie Teager incorporates paragraphs 1-19.

21.      Each telephone message was a "communication" within the meaning of U.S.C. §§ 1692d(6) and 1692e. *Ramirez v. Apex Financial Mgmt., LLC,* 567 F.Supp.2d 1035 (N.D.Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs.*, 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

22.     The telephone messages described in paragraphs 13c-h and 13j-m, and 13o-s violated 15 U.S.C. § 1692e(11), in that they did not contain the warning required by that section.

23.     The telephone message listed in paragraphs 13a-b, 13i and 13n violated both 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692d(6), in that the messages did not identify defendant or contain the e(11) warning. See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104,

1112, 1118 (C.D.Cal. 2005); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 593 (N.D.Ga. 1982); *Valencia v. Affiliated Group, Inc.,* 07-61381, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., Sept. 23, 2008).

24.     15 U.S.C. § 1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

25.     Section 1692e provides:

**§ 1692e.         False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant Delbert for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other and further relief as the Court deems proper.

### COUNT II – TCPA

26.     Plaintiff incorporates paragraphs 1-19.

7

27.    The TCPA, 47 U.S.C. §227, provides:

**§ 227.  Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

  **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

>> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

28.    The TCPA,  47 U.S.C. §227(b)(3), further  provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

29.    Defendant violated the TCPA by placing automated calls to plaintiff's cell

phone.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against the defendant for:

(4)     Statutory damages;

(5)     An injunction against further violations;

(6)     Costs of suit;

(7)     Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as

a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)